IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RODNEY HART, CODY HART, and JODY HART, individually and on behalf of all other similarly situated,** | |
| **Plaintiffs,** | |
| **vs.** | Civil Action No. _____ |
| **TOWNSEND TREE SERVICE CO., INC. and TOWNSEND TREE SERVICE CO., LLC,** | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Rodney Hart, Cody Hart, and Jody Hart, individually and on behalf of all others similar situated who consent to their inclusion in a collective action, hereby assert claims for due but unpaid overtime wages against Defendants Townsend Tree Service Co., Inc., and Townsend Tree Service Co., LLC, showing the Court as follows:

## INTRODUCTION

1.

In this Fair Labor Standards Act collective action, 29 U.S.C. § 201 *et seq*., Plaintiffs and the class they seek to represent, seek to recover unpaid overtime wages from their former employers, Townsend Tree Service Co., Inc., and

Townsend Tree Service Co., LLC (hereinafter collectively "Townsend" or "Defendants") as a result of a common scheme to underpay Plaintiffs and the class for overtime earned. Specifically, Defendants paid Plaintiffs and other tree crew members at an agreed-upon hourly rate (higher than the minimum wage) for the first 40 hours worked per week, and then paid them at a substantially lower rate for all hours worked per week in excess of 40. Defendants disguised these underpayments of overtime by categorizing them as "other pay" on the tree crew members' paystubs. The common scheme also involved failing to pay tree crew members for meal breaks and for 15 minutes of required and compensable daily preparation activities.

2.

Plaintiffs contend on information and belief that Townsend's underpayment of wages as described above extends to all tree crew members employed by Defendants throughout the 30 states in which it operates.

3.

Plaintiffs have worked on tree crews for Defendants in multiple states and have observed or learned that the same FLSA violations are consistently carried out with respect to other Townsend tree crews in those states.

4.

Plaintiffs ask this Court to certify a class of similarly situated employees, to wit: "All current and former tree trimming crew members employed by Townsend Tree

Service Co., Inc. and Townsend Tree Service Co., Inc., who were paid hourly and who, since [three years prior to the date this action was filed], were not paid all earned overtime premiums required under the Fair Labor Standards Act, and who consent in writing to their inclusion in a collective action. These persons include, but are not limited to, employees with the job titles: Foreman, Operator/Trimmer, Climber, and Groundman."

5.

Plaintiff Rodney Hart's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A."

6.

Plaintiff Cody Hart's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B."

7.

Plaintiff Jody Hart's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "C."

**JURISDICTION AND VENUE**

8.

The subject matter jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

9.

Townsend Tree Service Co., Inc., (hereinafter "Townsend Inc.") is a foreign corporation existing under the laws of the State of Indiana and registered to do business in the State of Georgia.

10.

Townsend Inc., may be served with process via service on its registered agent for service, Corporation Process Company, 289 S Culver St., Gwinnett, Lawrenceville, GA, 30046-4805.

11.

This Court has personal jurisdiction over Townsend Inc. because it regularly conducts business and offers its services within the Northern District of Georgia.

12.

Townsend Tree Service Co., LLC (hereinafter "Townsend LLC") is a foreign corporation existing under the laws of the State of Indiana and registered to do business in the State of Georgia.

13.

Townsend LLC may be served with process via service on its registered agent for service, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

14.

This Court has personal jurisdiction over Townsend LLC because it regularly conducts business and offers its services within the Northern District of Georgia.

15.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**EMPLOYMENT RELATIONSHIP**

16.

Townsend Inc., is engaged in the business of vegetation management, power line clearance, herbicide package and application, electric utility line construction, storm damage relief, and the manufacturing, installation and maintenance of custom control panels.

17.

Townsend LLC is a subsidiary of Townsend Inc. It administers and issues payroll checks for all Townsend Inc. tree crew members and is the entity that purported to employ Plaintiffs and other Townsend tree crew members.

18.

Townsend Inc. and Townsend LLC are joint employers of Plaintiffs and other Townsend tree crew members because both benefit from the work of Plaintiffs and other Townsend tree crew members, both control the terms of Plaintiffs' and other

Townsend tree crew members' employment, and they operate as a single enterprise through interlocking controls and with common management and ownership.

19.

Plaintiff Rodney Hart worked on Townsend tree crews from approximately 2007 through early February 2017.

20.

Plaintiff Cody Hart worked on Townsend tree crews from approximately March 2013 to January 2017.

21.

Plaintiff Jody Hart worked on Townsend tree crews from approximately August 2013 to July 2016.

22.

During the three years prior to the filing of this Complaint (hereinafter "the Relevant Time Period"), Rodney Hart worked for Townsend as a foreman, Cody Hart as an operator and foreman, and Jody Hart as an operator.

23.

Most 3-man Townsend tree crews are composed of a foreman, groundsman, and operator/trimmer.

24.

Some Townsend tree crews are composed solely of climbers.

25.

Townsend tree crews are categorized internally by the type of trimming equipment used, e.g., bucket crews, Jarraff crews, bush hog crews, and climbing crews.

26.

All three Plaintiffs previously have also worked on Townsend tree crews as groundsmen.

27.

Townsend tree crews are primarily responsible for clearing sites, streets, and grounds of woody and herbaceous materials, such as tree stumps and fallen trees and limbs; collecting debris and refuse from tree trimming and removal operations; and cutting away dead and excess branches from trees, or clear branches around power lines.

28.

During the Relevant Time Period, Plaintiffs were "employees" of Townsend Inc., within the meaning of 29 U.S.C. § 203(e)(1).

29.

During the Relevant Time Period, Plaintiffs were "employees" of Townsend LLC within the meaning of 29 U.S.C. § 203(e)(1).

**INDIVIDUAL COVERAGE UNDER THE FLSA**

30.

During the Relevant Time Period, Plaintiffs frequently traveled across state lines to complete the work assigned to them by Townsend.

31.

During the Relevant Time Period, Plaintiffs were individually engaged in commerce as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**ENTERPRISE COVERAGE UNDER THE FLSA**

32.

Throughout the Relevant Time Period, Townsend employees regularly handled and used the following goods or materials that moved through commerce for Townsend's business purpose: tree trimming equipment, gasoline, trucks, computers, cell phones, and hand tools.

33.

During 2014, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

During 2014, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Townsend had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

During 2014, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

37.

During 2015, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

During 2015, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

During 2015, Townsend had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

During 2015, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

41.

During 2016, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

During 2016, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A).

43.

During 2016, Townsend had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

44.

During 2016, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

45.

During 2017, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

46.

During 2017, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

47.

During 2017, Townsend will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

48.

During 2017 and to the present, Townsend is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

49.

At all times during the Relevant Time Period, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**NON-EXEMPT EMPLOYEES UNDER THE FLSA**

50.

During the Relevant Time Period, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

51.

During the Relevant Time Period, Townsend did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

52.

During the Relevant Time Period, Townsend did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

53.

During the Relevant Time Period, Townsend did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213(a).

54.

During the Relevant Time Period, Townsend did not employ Plaintiffs on a salary basis of at least $455 per week.

55.

During the Relevant Time Period, Townsend classified Plaintiffs as FLSA non-exempt employees.

56.

During the Relevant Time Period, Townsend classified all tree crew Foremen as FLSA non-exempt employees.

57.

During the Relevant Time Period, Townsend classified all tree crew Trimmers as FLSA non-exempt employees.

58.

During the Relevant Time Period, Townsend classified all tree crew Operators as FLSA non-exempt employees.

59.

During the Relevant Time Period, Townsend classified all tree crew Climbers as FLSA non-exempt employees.

60.

During the Relevant Time Period, Townsend classified all Groundmen as FLSA non-exempt employees.

61.

During the Relevant Time Period, Townsend did not employ tree crew Trimmers on a salary basis of at least $455 per week.

62.

During the Relevant Time Period, Townsend did not employ crew Operators on a salary basis of at least $455 per week.

63.

During the Relevant Time Period, Townsend did not employ tree crew Climbers on a salary basis of at least $455 per week.

64.

During the Relevant Time Period, Townsend did not employ Groundsmen on a salary basis of at least $455 per week.

65.

During the Relevant Time Period, Defendants deducted 30 minutes from each Plaintiff's and class members' compensable work time each day for a meal break.

66.

Plaintiffs and members of the class they represent were not completely relieved of duties during their meal breaks and were expected and required to perform work during such meal breaks.

67.

Defendants required Plaintiffs and members of the class they represent to appear for work 15 minutes prior to their shift each day to prepare to perform their tree work at the start of their shift.

68.

Defendants did not compensate Plaintiffs and members of the class they represent for the mandatory 15 minute preparation time worked by Plaintiffs and the class at the start of each work day.

69.

Pursuant to 29 C.F.R. § 778.110, for all hours worked in excess of forty in any given workweek, Defendants were required to pay Plaintiffs and members of the class they represent time and one half of the regular hourly rate.

70.

When Plaintiffs and members of the class they represent worked over forty hours in a workweek (not including the unpaid meal breaks and pre-shift work time), Defendants did not pay them at the rate of time and one-half of their regular

hourly rate, but at some lower rate, which was identified on their pay stubs as "other pay".

## COUNT I
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

71.

The allegations in paragraphs 1 through 70 are incorporated by reference as if fully set out in this paragraph.

72.

During the Relevant Time Period, Plaintiffs were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

Plaintiffs each worked for Townsend in excess of forty (40) hours per week during numerous workweeks throughout the Relevant Time Period.

74.

Weeks in which Townsend failed to pay Rodney Hart at one-and-one-half times his regular hourly rate for work in excess of 40 hours per week constitute approximately two thirds of all workweeks during the Relevant Time Period. These weeks include, but are not limited to, the workweeks ending on: August 29, 2015; September 5, 2015; September 12, 2015; September 19, 2015; September 26, 2015; October 10, 2015; October 17, 2015; October 24, 2015; October 31, 2015; November 7, 2015; November 21, 2015; December 5, 2015; December 12, 2015;

December 19, 2015; January 9, 2016; February 20, 2016; March 19, 2016; May 7, 2016; May 14, 2016; May 21, 2016; June 4, 2016; June 11, 2016; June 18, 2016; June 25, 2016; July 16, 2016; August 6, 2016; August 13, 2016; August 20, 2016; August 27, 2016; September 3, 2016; September 10, 2016; and September 17, 2016; November 5, 2016; November 12, 2016; November 19, 2016; November 26, 2016; December 3, 2016; December 10, 2016; December 17, 2016; and December 24, 2016.

75.

Because Plaintiffs Cody Hart and Jody Hart do not currently have access to their Townsend payroll records, they cannot yet identify the specific weeks during the Relevant Time Period in they worked in excess of 40 hours, but contend that they were typically denied overtime wages with the same regularity as Rodney Hart.

76.

In typical workweeks, Plaintiffs Cody Hart and Jody Hart were scheduled to work 7:00 AM to 5:30 PM, for which Townsend counted as only 10 compensable hours per day.

77.

Townsend did not compensate Plaintiffs Cody Hart and Jody Hart for mandatory daily preparation time of approximately 15 minutes at the beginning of each shift.

78.

Defendants did not compensate Cody Hart and Jody Hart for 30-minute meal breaks each workday.

79.

Plaintiffs Cody Hart and Jody Hart were not truly relieved of all duties during their meal breaks and were frequently required to perform work during their meal breaks.

80.

As a result of Defendants' actions alleged in this Complaint, in each regular 4-day workweek, Cody Hart and Jody Hart would have worked 3 hours of uncompensated overtime. Their uncompensated overtime hours were even greater during weeks in which they worked more than 4 days.

81.

Townsend failed to pay Plaintiffs at one-and-one-half times their regular rate of pay for work in excess of forty (40) hours in every relevant workweek.

82.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs, as tree trimming crew members, were subject to any exemption from the overtime pay provisions of the FLSA.

83.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime wages as required by the FLSA, Defendants have not relied on any legal advice indicating that Plaintiffs, as tree trimming crew members, were subject to any exemption from the overtime pay provisions of the FLSA.

84.

Townsend's failure to pay Plaintiffs all required overtime premiums was willful, extending the relevant statute of limitations to three years before the date this action was filed.

85.

Plaintiffs are entitled to payment of overtime wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

86.

Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid overtime wages in accordance with 29 U.S.C. § 216(b).

87.

Plaintiffs are entitled to their litigation costs, including their reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### COLLECTIVE ACTION ALLEGATIONS

88.

The allegations in paragraphs 1 through 70 are incorporated by reference as if fully set out in this paragraph.

89.

At all times since at least the beginning of the Relevant Time Period, Townsend has violated 29 U.S.C. § 207 by failing to pay all earned overtime wages to the members of the class that Plaintiffs seek to represent.

90.

At all times since at least the beginning of the Relevant Time Period, Townsend has violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the class Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs (i.e., non-payment for compensable preparation time, non-payment for compensable lunch breaks, and underpayment for hours reported worked over 40 hours per week).

91.

All tree crew members who have worked for Townsend since the beginning of the Relevant Time Period and who were not paid all earned overtime premiums

required under the Fair Labor Standards Act are "similarly situated" in that they all performed similar and often overlapping duties, all were paid on an hourly basis, all reported their hours worked to Townsend on the same timesheets, all were non-exempt employees, all frequently worked in excess of 40 hours per workweek, and all were denied their full overtime wages by Townsend through the same unlawful scheme.

92.

Townsend is liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Plaintiffs for unpaid overtime wages, attorney's fees, and costs of litigation, and for other such equitable and legal relief that this Court finds proper.

93.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All current and former tree trimming crew members employed by Townsend Tree Service Co., Inc. and Townsend Tree Service Co., LLC, who were paid hourly, and who, since [three years prior to the date this action was filed], were not paid all earned overtime premiums required under the Fair Labor Standards Act, and who consent in writing to their inclusion in a collective action. These persons include, but are not limited to, employees with the job titles: Foreman, Operator/Trimmer, Climber, and Groundman.

94.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

95.

All such individuals similarly situated to Plaintiffs are known to Townsend, are readily identifiable, and can be located through the records of Townsend.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a) Take jurisdiction of this matter;

b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

c) Issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

d) Issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

e) Grant a trial by jury as to all matters properly triable to a jury;

f) Issue a judgment declaring that Plaintiffs and the class they represent were

covered by the provisions of the FLSA and that each Defendant has failed to comply with the requirements of the FLSA;

g) Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

h) Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

i) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

j) Award Plaintiffs and each member of the class they represent nominal damages;

k) Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

l) Award any and such other further relief this Court deems just, equitable

and proper.

This 9th day of June 2017.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiffs**